```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ANTHONY C. LITTRELL,**

              Petitioner,

        v.                                  CASE NO. 12-3140-RDR

**C. MAYE, Warden,**
**USP-Leavenworth,**

              Respondent.

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. The filing fee has been paid. Having considered all materials filed, the court finds that the claims raised herein are challenges to petitioner's federal conviction entered in another federal district, and that this court lacks jurisdiction to hear his claims under § 2241. Accordingly, this action is dismissed.

As the factual background for his petition, Mr. Littrell alleges that in 2005 he was sentenced in the United States District Court for the Eastern District of Missouri to 480 months in prison and 5 years supervised release. The court takes judicial notice of Case No. 03-CR-00754-CDP (E.D. Mo.) and 05-CR-84-CDP (E.D. Mo.)(Littrell re-indicted in this new case). In the latter case, Mr. Littrell was convicted by a jury of various drug and firearms offenses. His motion for new trial was denied. He directly appealed, and his

convictions and sentence were affirmed by the Eight Circuit Court of Appeals on March 9, 2006.  Mr. Littrell filed a petition for writ of certiorari in the United States Supreme Court, which was denied in October 2006.  He alleges that he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in September 2007, which was denied in December 2009; and that he appealed to the Court of Appeals, which denied and dismissed the appeal on July 21, 2010.  He also alleges that he has filed for rehearing, which was denied, and that the judge in his criminal case has issued an order barring him from submitting any other motions in her district court without first obtaining permission from the Court of Appeals.  He then sought permission from the Court of Appeals to file a second successive 2255 motion, which was denied.

Petitioner's claims are clearly challenges to his conviction in the Eastern District of Missouri.  For example, his claims include that the court lacked jurisdiction due to a Tenth Amendment violation, fraudulent indictment, actual or legal innocence, insufficient evidence, speedy trial violation, improper closing argument, ineffective counsel, and Brady violation.

28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.* That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* It is well-settled that a motion under § 2255, which must be filed in the district that imposed sentence, is the "exclusive remedy" for challenging a conviction or sentence unless there is a showing that the remedy is inadequate or ineffective. *See* 28 U.S.C. § 2255; *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). That remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

A § 2241 petition has a distinct purpose from a § 2255 motion, and attacks the execution of a sentence rather than its validity. Claims appropriately brought under § 2241 include challenges to sentence or good time credit calculations and parole decisions by U.S. Bureau of Prison's officials. A § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(*per curiam*), *cert. denied*, 377 U.S. 980 (1964).

It is also well-settled that the fact that a federal inmate may

be precluded from filing a second and successive § 2255 motion does not establish that the remedy is ineffective. *see Bustillo v. Hood*, 168 Fed.Appx. 255, 256 (10th Cir.)(unpublished opinion cited as persuasive not binding), *cert. denied*, 547 U.S. 1159 (2006)(citing *Caravalho*, 177 F.3d at 1179)). Even an erroneous decision on a § 2255 motion does not render the § 2255 remedy ineffective, since it can be appealed, and was in this instance. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 997 (2011).

Petitioner's allegations show that he directly appealed his convictions to the Eighth Circuit Court of Appeals, and that he filed at least one § 2255 motion in the sentencing court which was denied by the district court as well as on appeal to the Eighth Circuit.[1] 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3)(A) provides:

---

[1] The court declines to construe this petition as one brought pursuant to § 2255 and transfer it to the sentencing court because petitioner acknowledges that he is required to obtain preauthorization from the Eighth Circuit in order to file such a motion.

>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The facts that petitioner's claims have been denied in a § 2255 motion and he has been denied authorization to file a second and successive § 2255 motion do not render the § 2255 motion ineffective. Nor do they entitle him to challenge his conviction in a § 2241 motion filed in the district in which he is confined.  In sum, this court simply does not have jurisdiction to hear petitioner's challenges to his federal convictions entered by another federal district court and affirmed by the appropriate Circuit Court of Appeals.  *Haugh*, 210 F.3d at 1150.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS SO ORDERED.**

**DATED:  This 20th day of July, 2012, at Topeka, Kansas.**

>                    s/RICHARD D. ROGERS
>                    **United States District Judge**